Tony Leon COVILLE, Petitioner—Appellant,

v.

Rob McKENNA, Respondent—Appellee.

No. 05–35224.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Gilbert H. Levy, Esq., Law Office of Gilbert H. Levy, Seattle, WA, for Petitioner–Appellant.

Tony Leon Coville, Spokane, WA, pro se.

John J. Samson, Esq., AGWA—Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Tony Leon Coville appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition challenging his Washington state guilty-plea conviction and sentence for first-degree rape with a deadly weapon and first-degree burglary with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Coville challenges the district court's determination that his habeas petition is time-barred. Relying on *United States v. Colvin*, 204 F.3d 1221 (9th Cir.2000), Coville contends that the amended state court judgment entered on September 12, 2003—not the original state court judgment entered in 1992—should have been considered the final judgment for purposes of calculating the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). However, by its express terms *Colvin* applies only to those cases in which the appellate court "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s] to the district court." 204 F.3d at 1225. Because the amended judgment merely corrected what appears to be a clerical error, leaving Coville's original conviction and sentence intact, *Colvin* is inapplicable. Accordingly, the district court properly dismissed the § 2254 petition as untimely.

In light of this disposition, it is unnecessary to address the government's contention that Coville waived his contention by failing to raise it before the district court.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

